UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:18-CR-36-TAV-DCP-4 |
| TIMOTHY E. WALKER, | ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Timothy E. Walker's Motion for Leave to Proceed on Appeal In Forma Pauperis [Doc. 814]. On July 30, 2021, the Court entered an order [Doc. 727] denying Defendant Walker's *pro se* motion for compassionate release and denying as moot his *pro se* motion to appoint counsel. On August 9, 2021, Defendant filed a Notice of Appeal [Doc. 806]. On August 11, 2021, the Sixth Circuit Court of Appeals directed that Defendant either pay the appellate filing fee or file a motion for leave to proceed on appeal *in forma pauperis* with a financial affidavit by September 10, 2021 [Doc. 807, p.1]. Defendant filed a Motion for Leave to Appeal In Forma Pauperis on September 10, 2021 [Doc. 814], attaching a copy of a Bureau of Prisons "Financial Inquiry" [Doc. 814, pp.3-5] and Defendant's affidavit, which states that he is indigent and in need of appointed counsel [Doc. 814, p. 6]. United States District Judge Thomas A. Varlan referred the motion to the undersigned on September 15, 2021 [Doc. 816].

The Court considers whether Defendant qualifies to proceed on appeal without payment of costs or fees, i.e., whether he qualifies for *in forma pauperis* ("IFP") status on appeal. "The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004); *see*

*also Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court," attaching an affidavit demonstrating "the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a). The Court must then evaluate not only the party's pauper status but also the merits of the appeal. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999) (observing that "[a]fter this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal"). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). To demonstrate the appeal is taken in good faith, the "appellant must show that the appeal presents a substantial question that is not frivolous." *Powell*, 2010 WL 3087387, at *2.

In the instant case, Defendant Walker has submitted a motion to proceed IFP on appeal and has attached a copy of a printout of his inmate account showing his balance on August 25, 2021 [Doc. 814]. First, the Court finds this printout does not comport with requirement that the party file a financial affidavit showing the inability to pay in the detail prescribed by the appellate court's form financial affidavit as required by Rule 24(a)(1)(A). The affidavit in Form 4 of the Appendix of Forms requires a detailed accounting of the person's income, assets, and expenses over the past twelve months. Here, Defendant's inmate account printout does not state his income, if any, or whether he has any assets or expenses. *See Flippin*, 107 F. App'x at 521 (holding that district court properly denied Flippin's request to proceed IFP, because he failed to give information on his expenses to allow the court to determine whether he was indigent). Additionally, the Court

2

observes that Defendant Walker had retained counsel at the trial level, and, thus, the Court has no other financial affidavit on which to rely.[1]

The Court must also determine whether Defendant has claimed he is entitled to redress and stated the issues he intends to appeal. Fed. R. App. P. 24(a)(1)(B)-(C). Defendant's Notice of Appeal avers an entitlement to redress, i.e., that he is bringing a direct appeal of the denial of his motion for compassionate release [Doc. 806]. However, even if the Court were to consider Defendant to have fully complied with the first two requirements of Rule 24(a)(1), his application is still insufficient because of his failure to meet the final requirement. Defendant has not stated the issues he intends to raise on appeal, as is required by Rule 24(a)(1)(C), either in his affidavit attached to his motion for IFP status or in his Notice of Appeal.

The failure to state the issues on appeal is not a mere technical failure but prevents the Court from "ascertain[ing] . . . the merits of the appeal." *Callihan*, 178 F.3d at 803; *see also Johnson v. Motley*, No. 6:07—351—DCR, 2008 WL 4821720, at *5 (E.D. Ky. Nov. 3, 2008) (adopting and incorporating the Report and Recommendation of Weir, MJ). Here, Defendant has not stated the issues he is seeking to appeal in the instant motion or in his affidavit attached to the motion [Doc. 814]. Defendant's Notice of Appeal states only that he "moves this Honorable Court to grant this Notice of Appeal in pursuant to applicable rules of this Honorable Court regarding all issues and claims raised in his Emergency Motion for Compassionate Release/Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) in the interest of justice" [Doc. 806]. A statement that a party is appealing all the issues he raised previously is not sufficiently specific to permit the Court to evaluate the merits of his appeal. *See Reid v. Aubrey's Restaurant Inc.*, No. 2:18-CV-

---

[1] The Court notes that the Defendant's Presentence Report [Doc. 645, SEALED], dated July 3, 2019, relates information on Defendant's income, expenses, and assets, as of that date. However, the Court has no current information.

00090, 2020 WL 9048747, at *1–2 (E.D. Tenn. May 14, 2020) (Report and Recommendation) (Wyrick, MJ) (determining that plaintiff's statement that he sought an appeal to correct the mistakes in his complaint and to show his rights were violated was insufficient for the court to evaluate the merits of the appeal). Defendant fails to inform the Court even generally what he contends is the error with the Court's denial of his motion for compassionate release. *See Powell*, 2010 WL 3087387, at *2 (observing that plaintiff failed to identify "any law, fact, or specific finding by the Court which might provide a basis for an appeal" but, instead, "only made general assertions of error").

Even considering Defendant's *pro se* status and construing the Notice of Appeal and Motion to Proceed in Forma Pauperis liberally, Defendant has failed to provide information to permit the Court to evaluate whether he is indigent or to identify the issues he intends to present on appeal adequately. Thus, the Court finds he has failed to comply with Rule 24(a)(1)(A) and -(C).

In summary, because Defendant's motion and attachments fails to contain a financial affidavit or to state the issues he intends to present on appeal, the Court **RECOMMENDS** that the Motion for Leave to Appeal In Forma Pauperis [Doc. 814] be **DENIED**. The Court also **RECOMMENDS** that the District Judge certify that his appeal is not taken in good faith, because Defendant has failed to specify the issues he intends to present on appeal. *See* 28 U.S.C. § 1915 (a)(3); *see also Johnson*, 2008 WL 4821720, at *3. If the District Judge accepts these recommendations, the Defendant may file a motion to appeal *in forma pauperis* in the Court of

Appeals within thirty days of service of the denial notice, following the procedures in Rule 24(a)(5) of the Federal Rules of Appellate Procedure. [2]

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).